## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOVAN MOSLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 06 C 6314 |
| v. ) | |
| ) | JUDGE DAVID H. COAR |
| ) | |
| CITY OF CHICAGO, CLARENCE HILL, ) | |
| MAVERICK PORTER, DERAIL EASTER, ) | |
| CHARLES WILLIAMS, EDWARD HOWARD, ) | |
| JR., Officers of the Chicago Police ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(6) . For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

**I. Facts**

On March 6, 2000, Plaintiff was picked up by Area 2 police for interrogation regarding the murder of Howard Thomas. Plaintiff claims that he was chained to a wall in an interrogation room for over twenty-four hours, without food or drink, without sleep, without a phone call, without a bathroom break, and without *Miranda* warnings. In the end, Plaintiff agreed to make a written statement, confessing that he had struck Thomas two times. Plaintiff was indicted for the murder of Howard Thomas, and spent five years and ten months in county lock-up awaiting trial. Plaintiff was acquitted at trial.

Plaintiff now brings a civil suit, alleging that Defendants removed and destroyed the General Progress Reports, documenting his interrogation, and that Defendants removed and destroyed the line-up report, in which Plaintiff was identified as being present, but not a participant in, the attack of Thomas. Plaintiff also claims that Defendants fabricated a false line-up report. Specifically, Plaintiff claims (1) Due Process violations for withholding of exculpatory evidence and fabricating false reports; (2) False Imprisonment ; (3) Violation of Equal Protection; (4) Conspiracy to Deprive Constitutional rights; (5) Malicious Prosecution; (6) Civil Conspiracy; (7) Intentional Infliction of Emotional Distress; (8) Respondeat Superior; (9) Indemnification. Defendants bring the instant motion to dismiss for failure to state a claim.

## II. Legal Standard

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. Proc. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim; they do not require the complaint to plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.*

(citing *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). The Seventh Circuit has held that stating a claim in a complaint in federal court requires only "a short statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id*.

**III. Analysis**

*A. Count I: Due Process*

Defendants move for dismissal of Count I on the grounds that Plaintiff's allegations fail as a matter of law. Plaintiff claims in Count I that his due process rights were violated when Defendants deliberately withheld exculpatory evidence and fabricated false reports. Defendants assert that this claim fails as a matter of law because (1) an acquittal renders the allegation immaterial and negates the alleged *Brady* violation, and (2) a claim of wrongful or malicious prosecution does not state a constitutionally cognizable cause of action.

The district courts in the Northern District of Illinois are split on whether an acquittal precludes a *Brady* violation claim. In *Gregory v. Oliver*, Judge Shadur held that since Gregory with acquitted, failure to turn over exculpatory evidence was immaterial. That is, because the outcome was in the defendant's favor, there was no reasonable probability that the result of the proceeding would have been different if the exculpatory evidence had been disclosed. *Gregory v. Oliver*, 226 F. Supp. 2d 943, 953 (D. Ill. 2002). However, in *Carroccia v. Anderson*, Judge Kennelly warns against using a retrospective approach to determining materiality, reasoning that,

> A trial is not rendered fair simply because it ultimately results in an acquittal. As the Court stated in *Brady*, "our system of the administration of justice suffers when any accused is treated unfairly . . . . A prosecutor that withholds evidence on demand of an accused which, if made available, would tend to exculpate him

> or reduce the penalty helps shape a trial that bears heavily on the defendant." *Brady,* 373 U.S. at 87-88.
>
> *Brady* and its progeny impose a duty on prosecutors and police officers to produce evidence favorable to the accused where the evidence is material either to guilt or punishment. *Brady,* 373 U.S. at 87. To discharge this duty, law enforcement officials must make prospective judgments regarding the materiality of exculpatory evidence that comes to their attention. They must decide in advance of trial, and without knowing how the trial will come out, whether evidence favorable to the accused has a "reasonable probability" of affecting the outcome of the case. If courts prohibit a criminal defendant from making a civil claim for concealment of material exculpatory evidence simply because his trial resulted in an acquittal, we tolerate law enforcement misconduct simply because the defendant was able to overcome it by other means. In this Court's view, such an approach undermines the important interests protected by *Brady* and its progeny.

*Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1023 (D. Ill. 2003). Several other district court judges have sided with Judge Kennelly's assessment in *Carroccia*. See *Gomez v. Riccio*, No. 02 C 5911, 2005 U.S. Dist. LEXIS 26642 , 2005 WL 2978955, 6-7 (N.D. Ill. Nov. 1, 2005) (J. Grady); *Kidd v. City of Chicago*, No. 02 C 9534, 2003 U.S. Dist. LEXIS 17037, 2003 WL 22243938, 2 (N.D. Ill. Sept. 26, 2003) (J. Bucklo); *Carvajal v. Dominguez*, 2007 U.S. Dist. LEXIS 42115 (D. Ill. 2007) (J. Holderman). These judges reasoned that the court "must evaluate the officer's action on a prospective basis." *Carroccia* at 1024. This court finds the reasoning of *Carroccia* more convincing and consistent with *Brady*'s protection of the accused's right to fair trial. Wrongful suppression of exculpatory evidence is injurious to the defendant's right to fair *process*, even if it does not render an injury in *outcome.* In other words, a favorable outcome does not guarantee a fair process. Thus, an acquittal alone does not preclude the due process claim in Count I.

Defendants further move for dismissal of Count I on the ground that a claim of wrongful or malicious prosecution does not state a constitutionally cognizable cause of action. The

Seventh Circuit has concluded that allegations of police officers withholding "exculpatory evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution" can be the basis of a federal due process claim under the Fourteenth Amendment. *Ienco v. City of Chicago*, 286 F.3d 994, 999 (7th Cir. 2002); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). *Newsome* determined that there was no federal malicious prosecution claim, but recognized a federal due process claim where police officers failed to alert the prosecutor that defendant's fingerprints did not match those they had obtained at the scene of the crime. The Seventh Circuit found that this withholding of exculpatory evidence denied the defendant of a fair trial. *Id*.

Plaintiff does not make a federal malicious prosecution claim, but rather brings a due process claim against the Defendants for withholding exculpatory evidence and fabricating false evidence. Plaintiff claims that Defendants removed and destroyed the General Progress Reports in an effort to cover up abusive and unconstitutional treatment of Plaintiff during interrogation. Plaintiff also contends that Defendants conspired to remove and destroy the line-up report that stated that Plaintiff did not participate in the attack on Thomas. Plaintiff alleges that these pieces of evidence were exculpatory, and the withholding of such evidence from the prosecution constitutes a due process claim under the Fourteenth Amendment.

Defendant argues that the Seventh Circuit does not allow a due process claim where the alleged evidence is regarding interrogation conditions. In *Sornberger v. City of Knoxville,* the defendant alleged that police officers fabricated a false police report describing the circumstances of the defendant's interrogation and confession, lied to the state prosecutor, and perjured themselves in a court hearing. 434 F.3d 1006, 1027 (7th Cir. 2006). The Seventh Circuit concluded that neither the fabrication of the police report nor the lying and perjuring constituted a *Brady* violation:

> Because the allegations involve active concealment and failure to disclose on the part of Officers Sheppard and Riley, we must treat Teresa's due process claim as one predicated on *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Such a claim is viable when the prosecution or police fails to disclose exculpatory evidence to a criminal defendant before trial...Here, Teresa complains that Officers Sheppard and Riley failed to disclose the circumstances of her interrogation. However, Teresa already was quite familiar with those circumstances. Teresa knew herself what occurred during the interrogation, and the police were under no *Brady* obligation to tell her again that they coerced her into confessing. Nor can *Brady* serve as the basis of a cause of action against the officers for failing to disclose these circumstances to the prosecutor. Brady rights run to the criminal defendant, not to the prosecution.

*Id*. That is, because the *Brady* right runs to the defendant, it protects the defendant's right to know of exculpatory evidence. Accordingly, as long as the defendant knew of the suppressed information, there is no *Brady* violation, presumably because the evidence may be presented by the defendant's counsel at trial. The Seventh Circuit reasons that because a defendant is present at the interrogation, he has knowledge of the interrogation conditions and suppression of this information by the police does not constitute a violation of *Brady*. Applying *Sornberger* to the present case, Plaintiff's claim of withholding exculpatory evidence fails to state a claim upon which relief may be granted to the extent that the evidence involves interrogation conditions. Accordingly, Plaintiff's complaint that "no General Progress Reports regarding Plaintiff Mosley's interrogation were ever turned over to the defense" does not violate *Brady*, because Plaintiff himself was present at the interrogation and could bring this evidence to light in trial. However, the withholding of the line-up report, alleged to be exculpatory evidence by the Plaintiff, does state a proper due process claim under the Fourteenth Amendment. As such, Defendant's motion to dismiss is granted as to the withholding of the General Progress Report, and denied as to the withholding of the line-up report.

Finally, Plaintiff claims that Defendants fabricated a new line-up report, suggesting that Plaintiff had been implicated in the attack. Specifically, Plaintiff claims that "Defendants wrote up a new line-up report, suggesting that Anton Williams had implicated Plaintiff Mosley, which was turned over to the prosecution." Complaint ¶64. However, Plaintiff further alleges that "aside from the written statement that Plaintiff Mosley had signed, there was no evidence whatsoever implicating Plaintiff Mosely in the murder of Howard Thomas." Complaint ¶67. According to the facts presented, the prosecution did not present the allegedly fabricated line-up report in trial. The fact that the Defendants may have fabricated a report has no bearing on the fairness of the trial, if it was never presented at trial. The alleged fabrication of the line-up report is immaterial, as Plaintiff has pled himself out of this claim.

Thus, Defendants' motion to dismiss Count I as to the withholding of the General Reports and the fabrication of a new line-up report is granted; Defendants' motion to dismiss Count I as to the withholding of the line-up report is denied.

B. *Counts II, III and IV*

Plaintiff agrees to voluntarily dismiss Counts II, III and IV. Accordingly, these counts are dismissed.

C. *Count V: Malicious Prosecution*

Defendants claim that there is no constitutional tort of malicious prosecution, and Count V should thus be dismissed. Plaintiff assert that Count V is not a federal constitutional tort claim, but is a state law claim, as evidenced by a separate federal due process claim in Count I. Further, Plaintiff contends that this court has supplemental jurisdiction over Count V under 28 U.S.C. §1367.

This court will treat Count V as a state law claim. In accordance with 28 U.S.C. §1367, this court "shall have supplemental jurisdiction over...claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Sixth Circuit has held that "Plaintiffs do not need to specifically plead the supplemental jurisdiction statute, nor do they need to specifically identify state law claims as such if the cause of action obviously exists under state law." *Voyticky v. Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005). Although this court is not bound by the decisions of other Circuits, due weight is given to their reasoning. As such, this court agrees with the Sixth Circuit that where a state law claim is clearly presented, and it forms part of the same case or controversy as the original federal claim, this court shall exercise supplemental jurisdiction. It should be noted that this court does not look favorably on omissions to explicitly invoke supplemental jurisdiction, and attorneys should take care to state clearly the basis of jurisdiction in the complaint.

In the present case, this court has original jurisdiction over the remaining claim in Count I–withholding of the lineup report. To the extent that Count V states a claim that forms part of the same controversy as the withholding of the lineup report in Count I, Defendant's motion to dismiss Count V is denied.

*D. Counts VI, VII, VIII, and IX*

For the same reasons as stated above, this court retains supplemental jurisdiction (and hence subject matter jurisdiction) over counts VI, VII, VIII and IX to the extent that they invoke the same controversy as the withholding of the lineup report in Count I, over which this court has original jurisdiction. To that extent, Defendants' motion to dismiss counts VI, VII, VIII and IX is denied.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **September 4, 2007**